UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EUGENE GUERRE, JR., GENESIS WEIGHT LOSS CENTERS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CYNOSURE, LLC,<br><br>Defendant. | Case No. _____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cynosure, LLC ("Cynosure") hereby gives notice of removal of this action, captioned *Guerre et al. v. Cynosure*, bearing case number 2021-CA-00901, from the Circuit Court of Fifth Judicial Circuit in and for Hernando County, Florida to the Tampa Division of the United States District Court for the Middle District of Florida. Pursuant to 28 U.S.C. § 1446(a), Cynosure provides the following statement of grounds for removal.

### BACKGROUND

1. This case involves the purchase of a medical device -- the Icon Intense Pulsed Light System ("Icon" or "device") -- by Dr. Eugene Guerre, Jr. ("Dr. Guerre") and Genesis Weight Loss Centers, LLC ("Genesis," and, together with Dr. Guerre, "Plaintiffs"). The Icon is a medical device marketed and sold by Cynosure that

provides a comprehensive suite of aesthetic treatments, from hair removal to procedures for pigmentation, vessels, wrinkles, scars and stretch marks. It works by delivering laser energy into the deeper dermis layer of the skin. The Icon first received FDA clearance pursuant to Section 510(k) of the Federal Food, Drug, and Cosmetic Act in 2011.

2. Plaintiffs obtained financing to pay for the Icon through an Equipment Finance Agreement with North Mill Equipment Finance, LLC ("North Mill"). *See, e.g.* Ex. B at 7, ¶ 7; *id*. at pp. 10-12; Ex. A at ¶ 15. Plaintiffs apparently stopped making payments to North Mill pursuant to that Equipment Finance Agreement. Ex. B at 8, ¶¶ 12, 13.

3. As a result of Plaintiffs' continuing nonpayment, North Mill re-possessed the Icon and, on November 10, 2021, filed a lawsuit against Dr. Guerre for the remaining sums due under the Equipment Finance Agreement in the Circuit Court of Fifth Judicial Circuit in and for Hernando County, Florida (the "Florida State Court"). *See* Ex. B at 7-8, ¶¶ 5-18.

4. On June 6, 2022, Plaintiffs filed a third-party complaint (the "Complaint") against Cynosure, asserting six claims: (1) violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); (2) breach of oral contract; (3) fraud in the inducement; (4) fraud; (5) unjust enrichment; and (6) negligent misrepresentation. *See* Ex. A at ¶¶ 44-97. The main thrust of Plaintiffs' Complaint is that Cynosure allegedly misrepresented the operability and potential profitability of

the Icon, and did not provide Plaintiffs with certain post-sale training and marketing support services.

5. On August 19, 2022, Cynosure received service of the Summons and Plaintiffs' Complaint. *See* Ex. A. Because Plaintiffs did not assert their claims against Cynosure in a separate and distinct action as they should have, and instead purported to name Cynosure as a third-party defendant in contravention of Florida Rule of Civil Procedure 1.180, Cynosure was not able to remove this diversity action at the time it was served.

6. On October 24, 2022, after reaching a settlement with Plaintiffs, North Mill filed a voluntary dismissal of its claims with prejudice. Ex. B at 158-161; 200. Following that dismissal, and pursuant to the joint request of Plaintiffs and Cynosure, the Florida State Court entered an order realigning the parties on November 2, 2022, designating Dr. Guerre and Genesis as the "plaintiffs," and designating Cynosure as the "defendant" (the "Agreed Realignment Order"). Ex. B at 204-205. The Agreed Realignment Order "confirm[ed]" that North Mill's voluntary dismissal of its claims against Plaintiffs "complete[ly] resol[ved] and dismiss[ed]" those claims, and that the "only remaining contested causes of action pending before [the] Court are between [Plaintiffs] and [Cynosure]." *Id*. at 205. Accordingly, the Florida State Court ordered that the parties be realigned with "[b]oth parties [] entitled to the rights and privileges that accompany their respective positions as Plaintiffs and Defendant." *Id*. The Florida State Court additionally noted that Plaintiffs' causes of action against Cynosure "are not and shall not be affected by the dismissal of [North Mill]" and

-3-

further that Plaintiffs' claims against Cynosure "shall be treated as if brought in an independent matter before this Court." The case was accordingly restyled as *Guerre et al. v Cynosure*. *Id*.

7. The re-alignment of the Parties as set forth above now renders this case removable pursuant to 28 U.S.C. § 1446(b)(3).

## VENUE AND JURISDICTION

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(b), 1391, 1441(a), and 1446(a) because the Circuit Court of Fifth Judicial Circuit in and for Hernando County, Florida, where the Complaint was filed, is a court within the United States District Court for the Middle District of Florida.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(b) because: (1) there is complete diversity of citizenship between Plaintiffs and Cynosure; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and, (3) all other requirements for removal have been satisfied.

### I. THERE IS COMPLETE DIVERSITY OF CITZENSHIP BETWEEN THE PLAINTIFFS AND CYNOSURE.

10. There is complete diversity of citizenship between Plaintiffs, citizens of Florida, and Cynosure, a citizen of Delaware.

11. Cynosure is a limited liability company whose sole member is Lotus Buyer, Inc., a corporation that is incorporated and has its principal offices in Delaware. For purposes of determining diversity jurisdiction, a limited liability company is a citizen of every state in which its owners/members are citizens. *See Rolling Greens*

*MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("for diversity jurisdiction purposes . . . a limited liability company is a citizen of any state of which a member of the company is a citizen."). Corporations are citizens of the states in which they are incorporated and where they have their principal place of business. 28 U.S.C. § 1332(c)(1). Cynosure is accordingly a citizen of Delaware.

12.     Plaintiff Genesis Weight Loss Centers, LLC is a Florida limited liability company with its principal offices located at 7011 Nightwalker Road, Brooksville, Florida 34613. Ex. A ¶ 3. Dr. Guerre, a resident of Florida, "founded Genesis", an ongoing Florida business fifteen years ago "in 2007," and is Genesis's manager and sole member. Ex. A ¶¶ 2, 9, 46; Ex. B at 86, ¶ 3 ("Defendant [Eugene Guerre, Jr.] admits . . . that he is a resident of Hernando County, Florida."); Ex. A at 23 (identifying Dr. Guerre as Genesis's manager). *See also* **Exhibit C** at 1, ¶ 2 (declaration of Dr. Guerre averring that he is "the Managing Member and 100% owner of Genesis"); **Exhibit D** at 2 (Articles of Organization for Genesis, identifying "Eugene Guerre M.D." as the only managing member of Genesis); **Exhibit E** at 5, 12-13, 18, 67-69, 75, 103 (reflecting that Dr. Guerre owns property in Florida, is currently registered to vote in Florida, has a fishing license issued by the state of Florida, has an active Florida driver's license, has a car registered in Florida, is currently licensed to practice medicine in Florida, and has Florida phone numbers). Accordingly, both Plaintiff Dr. Guerre and Plaintiff Genesis are citizens of Florida.

13. Because Plaintiffs' Complaint was originally (although improperly) styled as a third-party complaint, Cynosure was not able to remove pursuant to 28 U.S.C. § 1441(a). However, after North Mill dismissed its claims against Plaintiffs with prejudice, the Court realigned the parties in the Agreed Realignment Order, designating Dr. Guerre and Genesis as "Plaintiffs," and Cynosure as "Defendant." *See* Ex. B at 204-205.

14. Because Plaintiffs are both citizens of Florida, and Cynosure is a citizen of Delaware, there is complete diversity of citizenship between all Plaintiffs and Defendant. *See* 28 U.S.C. §§ 1332 and 1441.

## II. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

15. A defendant's notice of removal asserting diversity jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014); *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-CV-2343-T-17JSS, 2016 WL 9211676, at *2 (M.D. Fla. Dec. 20, 2016) (same). The amount in controversy, exclusive of interest and costs, must exceed $75,000.

16. Where, as here, a plaintiff has not pled a specific amount of damages in the complaint, the amount in controversy requirement may nevertheless be satisfied if it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000. *See, e.g.*, *Furnari v. Nuance Commc'ns, Inc.*, No. 611CV1119ORL35GJK, 2011 WL 13298737, at *2 (M.D. Fla. Sept. 20, 2011) (amount in controversy requirement

met where complaint did not claim specific amount of damages but it was "facially apparent"—"albeit, with minor calculation"—that the amount in controversy exceeded $75,000 (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *Buckles v. Coombs*, No. 616CV1619ORL37KRS, 2017 WL 38801, at *4 (M.D. Fla. Jan. 4, 2017) ("Courts need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." (internal citation and quotations omitted)). Damages from separate claims against a defendant may be aggregated to meet the amount in controversy requirement. *See Petroleum Traders Corp. v. Hillsborough Cty.*, No. 8:06-CV-2289-T-TBM, 2008 WL 4570318, at *4 (M.D. Fla. Oct. 14, 2008) ("[A] single plaintiff may aggregate the value of his claims against a defendant to meet the amount-in-controversy amount for diversity jurisdiction, and the claims may be related or unrelated." (citing *Snyder v. Harris*, 89 S. Ct. 1053, 1056 (1969)).[1] In addition, "[w]hen a statutory cause of action entitles a party to recover reasonable attorneys' fees, the amount in controversy, for the purposes of diversity jurisdiction, includes consideration of those fees." *Cohen v. Office Depot, Inc*. 204 F.3d 1069, 1079 (11th Cir. 2000); *Branson v. Medtronic, Inc.*, No. 5:06-CV-332-OC-10GRJ, 2007 WL 170094, at *5 (M.D. Fla. Jan. 18, 2007) ("Because a prevailing party is entitled to recover reasonable attorney's fees from the non-

---

[1] *See* Ex. A ¶¶ 45, 60, 68, 75, 83, 90 (reserving right to plead each cause of action in addition to all others).

prevailing party in a claim under FDUTPA, the Court is required to consider [these fees] when determining the amount in controversy for jurisdictional purposes.").

17.     Here, Plaintiffs' Complaint alleges an unspecified amount of damages "in excess of $30,000," the jurisdictional requirement in the state circuit court, "exclusive of interest, costs, and attorneys' fees." Ex. A at ¶ 1. However, Plaintiffs seek to recover "damages, pre-judgment interest, costs, attorneys' fees, and [] such other and further relief as [the] Court deems just and proper" in connection with each of their claims. *See, e.g.*, Ex. A at 18. This includes "damage[s] [based on] [Plaintiffs'] reliance on [Cynosure's] representations" about the Icon and certain post-sale services such as marketing support, representations which they claim fraudulently induced them to purchase and finance the Icon for a total of $239,501.40. Ex. A at ¶¶ 18, 68-73; *id.* at pp. 22-23. Plaintiffs also seek to recover for breach of an alleged oral contract to provide certain training services, which Plaintiffs contend prevented them from being able to use the device on patients, *see* Ex. A ¶¶ 31, 60-66; as a result of this alleged failure, Plaintiffs contend that the "Icon sat dormant and useless, costing [them] approximately $5,000 per month." *Id.* ¶ 33. Plaintiffs additionally seek damages in their Count I for alleged violations of FDUTPA, in which Plaintiffs contend that the Icon is "all but useless." *Id.* at ¶¶ 55-57. Plaintiffs accordingly seek to recover, at minimum, the purchase price of the device: $157,500. *See* Ex. B at 179; *Siever v. BWGaskets, Inc.*, 669 F. Supp. 2d 1286, 1294 (M.D. Fla. 2009) ("Where a product is rendered valueless by an alleged defect, the purchase price is an appropriate measure

of damages. (citing *Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA 1984)).[2] Moreover, Plaintiffs are authorized under FDUTPA to recover their "attorneys' fees" should they prevail. *See* Ex. A at 12, 18; Fla. Stat. § 501.2105.

18.  Although Cynosure contests that Plaintiffs are entitled to any damages, on these alleged facts, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See Landmasters Aviation Servs., LLC v. Textron Aviation Inc.*, No. 619CV1251ORL37GJK, 2019 WL 13184126, at *2 (M.D. Fla. Aug. 13, 2019) (amount in controversy was facially apparent from complaint where plaintiff alleged it purchased airplane in reliance on defendant's misrepresentations; amount in controversy was purchase price of airplane); *McCollough Enters., LLC v. Marvin Windows, Inc.*, No. CIV.A. 09-0573-WS-B, 2009 WL 3615044, at *3 (S.D. Ala. Oct. 29, 2009) (holding amount in controversy satisfied where cost of replacement windows exceeded statutory requirement because court concluded that such costs were "a logical component of damages with respect to [plaintiff's] breach of contract, breach of warranty and fraud claims"); *Laux v. BAC Home Loans Servicing, LP for Bank of N. Y. Mellon,* No. 1:11-CV-547-AT, 2011 WL 13220140, at *2 (N.D. Ga. Sept. 27, 2011) (finding amount in controversy was at least $80,000 for quiet title claim when property was worth $80,000); *Branson*, 2007 WL 170094, at *6 ("viewing the claimed damages in this case alone . . . there cannot be any good faith dispute that the amount in

---

[2] *See also* Ex. A at ¶¶ 84-88 (seeking to recover "damages due to [Cynosure's] unjust enrichment," -- the "value of the benefit conferred" on Cynosure as a result of Plaintiffs' execution of the Equipment Finance Agreement -- *i.e.*, the purchase price of the device).

controversy in this case exceeds $75,000"); *Echevarria v. Taco Bell of Am., LLC*, No. 20-CV-22810, 2020 WL 5228129, at *3 (S.D. Fla. Sept. 2, 2020) (concluding jurisdictional minimum met based in part on court's assessment of attorneys' fees incurred performing "the work that was done in the state court action").

### III. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED.

19. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3), which allows removal of a case not originally removable when there is an "order or other paper demonstrating that the case has become removable thereby triggering the 30 day window to effect removal." A case involving third-party claims or counterclaims can become removable upon a state court's voluntary dismissal of a party or claim and formal realignment of remaining parties. *See Lewis v. Fed. Nat'l Mortg. Ass'n*, No. 21-13310, 2022 WL 458267, at *3 (11th Cir. Feb. 15, 2022) (finding that case became removable for the first time after the state court severed the third party action and realigned the original defendant and the third-party defendants as plaintiff and defendants, respectively); *Stewart v. Bureaus Inv. Grp. No. 1*, No. 3:10-CV-1019-WKW, 2011 WL 2313213, at *1, *6 (M.D. Ala. June 10, 2011) (removal appropriate after underlying debt collection action against defendant/counter-claimant was voluntarily dismissed and state court granted motion to realign the parties; court held that "removal by a realigned defendant based upon a pleading originally filed as a counter-complaint is proper under the circumstances" and denied the motion to remand); *Jefferson v. Fed. Nat'l Mortg. Ass'n,* No. 2:16-CV-964-VEH, 2016

WL 11732469, at *9 (N.D. Ala. Aug. 26, 2016) (finding that case became removable after counter-claimants and counter-defendants were realigned by court order as plaintiffs and defendants).

20. Here, the Florida State Court entered the Agreed Realignment Order on November 2, 2022, fewer than 30 days prior to the filing of this Notice of Removal.

21. The Middle District of Florida is the federal judicial district encompassing the Circuit Court of Fifth Judicial Circuit in and for Hernando County, where this suit was originally filed. *See* 28 U.S.C. §§ 1441(a); 89(b).

22. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint that were served on Cynosure, is attached hereto as **Exhibit A**.

23. A copy of the state court docket and all documents filed in the State Court Action are attached hereto as **Exhibit B**.

24. Cynosure is providing Plaintiffs with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

25. Pursuant to 28 U.S.C. § 1446(d), Cynosure is contemporaneously filing a copy of this Notice of Removal and a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Fifth Judicial Circuit in and for Hernando County.

26. Cynosure reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Cynosure hereby removes this action from the Circuit Court of Fifth Judicial Circuit in and for Hernando County, to the United States District Court for the Middle District of Florida.

Respectfully submitted this 9th day of November, 2022,

/s/ Rachael S. Loukonen
Rachael Loukonen, Esq.
Florida Bar No. 0668435
CHEFFY PASSIDOMO, P.A.
821 Fifth Avenue South
Naples, FL 34102
T: (239) 261-9300
F: (239) 261-9782
rloukonen@napleslaw.com
*Attorney for Defendant Cynosure, LLC*
